819 So.2d 1070 (2002)
Charles Ray DUCK, Jr., Plaintiff-Appellee,
v.
Clifford Lee McCLURE and State Farm Insurance Company, Defendants-Appellants.
No. 36,045-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 2002.
Kitchens Benton Kitchens & Newell, by Graydon K. Kitchens, III, Minden, for Defendant-Appellant Clifford L. McClure.
Jack W. Slaid, Minden, for Plaintiff-Appellee Charles Ray Duck, Jr.
Thomas A. Bordelon, Natchitoches, for Defendant-Appellee State Farm Fire and Casualty Co.
Before NORRIS, STEWART and GASKINS, JJ.
STEWART, J.
The defendant Clifford McClure ("McClure") appeals the trial court's finding of liability for damages arising from an *1071 altercation between McClure and the plaintiff, Charles Duck ("Duck"). For the reasons set forth herein, we affirm.

FACTS
These litigants initially came before this court as a part of our denial of the defendant's appeal of his conviction of aggravated battery for his actions during the altercation that gave rise to this civil action. For a more extensive factual background see State v. McClure, 34,880 (La.App. 2nd Cir.8/22/01), 793 So.2d 454.
The basic facts are that McClure was having a dispute with Tommy Gore ("Gore"), a party guest of his next door neighbor, Don Engel, about the noise they were making while partying on July 4, 1999. After Gore and McClure exchanged further words, Gore invited McClure to "take it to the streets" and headed for the road in front of McClure's and Engel's property. Charles Duck and DeWayne Harvill testified that they heard the argument and also headed toward the street. They stated that McClure went into his house, retrieved a gun and a stick, and approached the group of men. As Duck turned to tell the children, who were outside playing, to go into the house he was struck on the head with the stick by McClure. McClure was arrested and convicted of aggravated battery and placed on two years probation. Duck suffered $1561.00 in medical damages. Following a trial on the merits, McClure was found to be the aggressor and solely at fault for the injuries suffered by Duck. The medical damages were stipulated to at trial and the court awarded to Duck an additional $1500.00 for pain and suffering. This appeal followed.

DISCUSSION

Standard of Review
A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding that is manifestly erroneous or clearly wrong. Stobart v. State, 617 So.2d 880 (La.1993). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Furthermore, when factual findings are based on the credibility of witnesses, the fact finder's decision to credit a witness's testimony must be given "great deference" by the appellate court. Rosell v. ESCO, 549 So.2d 840 (La.1989). Thus, when there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review although the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell, supra.
On appeal McClure contends that he was not the aggressor and that there was no battery or intentional tort because Duck initiated the confrontation and that he merely acted in self defense. He also contends that the court failed to apply comparative negligence and find Duck proportionately at fault. However, we find McClure's arguments regarding these issues to be without merit.

Tort Liability
Tort liability is based on La. C.C. art. 2315 which provides, in pertinent part, that "every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." A battery is the intentional use of force or violence upon another. La. R.S. 14:33. Aggravated battery is a battery committed with a dangerous weapon. La. R.S. 14:34. A dangerous weapon includes any gas, liquid, or other substance or instrumentality which, in the manner used, is calculated or *1072 likely to produce death or great bodily harm. La. R.S. 14:2.
Nonetheless, Louisiana's aggressor doctrine precludes tort recovery where the plaintiff acts in such a way as to provoke a reasonable person to use physical force in fear or anticipation of further injury at the hand of the aggressor plaintiff, unless the person retaliating has used excessive force to repel the aggression. Norwood v. Van Veckhoven, 34,891 (La. App. 2nd Cir.6/22/01), 792 So.2d 836; Baugh v. Redmond, 565 So.2d 953 (La. App. 2nd Cir.1990). Moreover, when a person voluntarily participates in an altercation, he may not recover for any injuries incurred, unless force in excess of that necessary is used and its use is not reasonably anticipated. The use of unnecessary and unanticipated force vitiates the consent. Slayton v. McDonald, 29,257 (La. App. 2nd Cir.2/26/97), 690 So.2d 914; Baugh, supra.
The issues of which party was the aggressor and whether excessive force was used in repelling the attack are questions of fact that must be determined from the peculiar facts and circumstances of each case. Clark v. Burchard, 2000-2750 (La. App. 4th Cir.11/14/01), 802 So.2d 824 citing Sills v. Mid-South Sports, Inc., 550 So.2d 909 (La.App. 2nd Cir.1989). Under Article 2315, the proper standard to evaluate a defendant's action is whether the conduct was that generally required of a reasonable man under like circumstances. See La. Civ.Code art. 2315. Various factors relied upon by the courts to determine the reasonableness of the actions of the party being attacked are the character and reputation of the attacker, the belligerence of the attacker, a large difference in size and strength between the parties, an overt act by the attacker, threats of serious bodily harm, and the impossibility of a peaceful retreat. Slayton v. McDonald, supra.
In its reasons for judgment, the trial court determined that McClure was the aggressor and that he acted unreasonably during the altercation by striking an unarmed man half his size without any provocation. This determination is amply supported by the record. Accordingly, we find that McClure's assignments of error are without merit. Consequently, the trial court was correct in finding that McClure was 100% at fault for the injuries suffered by Duck.

CONCLUSION
For the reasons set forth above, the judgment is affirmed at appellant's costs.
AFFIRMED.