STEWART, J.
 

 1 )Defendant/Appellant, Barry J. Pan-key,
 
 [1]
 
 is appealing a judgment rendered in favor of Plaintiffs/Appellees, Alan S. Vick and Amy Vick. For the reasons stated herein, we affirm the trial court’s judgment.
 

 Facts
 

 On August 18, 2004, both parties attended a mud track automobile race at the Calhoun Mud Bowl in Calhoun, Louisiana. A physical altercation ensued between Barry Pankey, his brother Terry Pankey, and Mr. Vick. Mr. Vick alleges that he was attacked without provocation, while Barry and Terry Pankey contend that Mr. Vick was intoxicated and provoked the fight. The Pankey brothers contend that Mr. Vick threw the first punch at Terry Pan-key. Because Mr. Vick initiated the fight, Barry Pankey argues that he was acting in self-defense as to any role he may have had in this incident.
 

 As a result of the altercation, Mr. Vick sustained several injuries, including multiple shattered facial bones requiring six titanium plates and 27 screws to be surgically installed in his face, as well as broken orbital bones, a broken nose and a broken palate. He also was rendered blind for two weeks after the accident. His mouth was wired for months and he could not eat solid foods for over six weeks. Mr. Vick testified that he incurred approximately $46,000.00 in medical expenses related to the treatment of the injuries he sustained from the altercation. Further, he was unable to work until June, which was approximately six weeks later.
 

 |2After reviewing a video recording of the altercation, the trial court ruled in favor of the Vicks. According to the trial court, the video showed Terry Pankey attempting to punch Mr. Vick. Then, Barry Pankey punched Mr. Vick in the face with his fists. Mr. Vick was “backing up” or “retreating” the entire time. The trial court found that the video clearly showed Mr. Vick attempting a “defensive effort” as best he could. When Mr. Vick fell to the ground, Barry Pankey continued to batter him. The trial court determined that “insults and intoxication alone provide no legal escape from liability caused by a beating such as this.” Even if Mr. Vick was the physical aggressor,
 
 [2]
 
 the degree of force used by the Pankey brothers to repel any such aggression was totally out of proportion to what was necessary to stop Mr. Vick. The Pankey brothers’ actions were excessive.
 

 The Vicks were awarded $44,918.40 in medical expenses, $6,800.00 in lost wages, $250,000.00 in general damages, and $6,000.00 in loss of consortium to Mrs. Vick. Barry Pankey and Terry Pankey were cast in judgment as solidary obligors. Barry Pankey now appeals. :
 

 LAW AND DISCUSSION
 

 Comparative Fault
 

 Pankey asserts two assignments of error on appeal. In his first assignment of error, he argues that even though the trial court based its opinion on La. C.C. art. 2315, it failed to apportion fault pursuant to La. C.C. art. 2323. More specifically, Pankey alleges that the trial court |3erroneousIy ignored the intentional acts of the plaintiff and failed to reduce the amount of damages accordingly.
 

 On appeal, the reviewing court may not set aside a trial court’s findings in the absence of manifest error or unless they
 
 *1202
 
 are clearly wrong. Where two permissible views of the evidence exist, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Even though an appellate court may feel its own evaluations and inferences are more reasonable than those made by the trial court, reasonable evaluations of credibility and reasonable inferences of fact are not disturbed on appeal where conflicting testimony exists. To reverse a trial court’s factual determinations, the appellate court must find that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact’s findings.
 
 Hanger One MLU, Inc. v. Unopened Succession of James C. Rogers,
 
 43,120 (La.App. 2 Cir. 4/16/08), 981 So.2d 175;
 
 Green v. Nunley,
 
 42,343 (La.App. 2 Cir. 8/15/07), 963 So.2d 486.
 

 Tort liability is based on La.C.C. art. 2315, which provides in pertinent part:
 

 Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
 

 Further, La. C.C. art. 2323 states:
 

 A.In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or Lloss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person’s insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person’s identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to degree or percentage of negligence attributable to the person suffering the injury, death, or loss.
 

 B. The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability.
 

 C. Notwithstanding the provisions of Paragraphs A and B, if a person suffers injury, death, or loss as a result partly of his own negligence and partly as a result of the fault of an intentional tortfeasor, his claim for recovery of damages shall not be reduced.
 

 The factors to be considered by the courts in determining the percentages of fault are the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages.
 
 Watson v. State Farm Fire and Cas. Ins. Co.,
 
 469 So.2d 967 (La.1985). In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. Id.
 

 | Nonetheless, Louisiana’s aggressor doctrine precludes tort recovery where the plaintiff acts in such a way as to provoke a reasonable person to use physical force in fear or anticipation of further inju
 
 *1203
 
 ry at the hand of the aggressor plaintiff, unless the person retaliating has used excessive force to repel the aggression.
 
 Duck v. McClure,
 
 36,045 (La.App. 2 Cir. 5/8/02), 819 So.2d 1070.
 

 The issues of which party was the aggressor and whether excessive force was used in repelling the attack are questions of fact that must be determined from the peculiar facts and circumstances of each case.
 
 Clark v. Blanchard,
 
 2000-2750 (La.App. 4th Cir.11/14/01), 802 So.2d 824. Under La. C.C. art. 2315, the proper standard to evaluate a defendant’s action is whether the conduct was that generally required of a reasonable man under the like circumstances. La. C.C. art. 2315. Various factors relied upon by the courts to determine the reasonableness of the actions of the party being attacked are the character and reputation of the attacker, the belligerence of the attacker, a large difference in size and strength between the parties, an overt act by the attacker, threats of serious bodily harm, and the impossibility of a peaceful retreat.
 
 Slayton v. McDonald,
 
 29,257 (La.App. 2 Cir. 2/26/97), 690 So.2d 914.
 

 The video shows Terry Pankey, at the very least, attempting to punch Mr. Vick. Then, Barry Pankey punched Mr. Vick several times in the face. Mr. Vick is backing away from Barry Pankey the entire time. Even when Mr. Vick fell to the ground, Barry Pankey continued to punch him.
 

 | r,Barry Pankey argues that the evidence introduced at trial is compelling in showing that Mr. Vick’s actions and behavior made him the provocateur in the fight, and that his actions leading up to the fight were intentional and rise far beyond mere negligence. He further testified that the intentional acts and belligerence of Mr. Vick, as well as his obscene language, were the initial catalyst of the subsequent fight. For these reasons, Pankey urges that the trial court failed to apportion fault to Mr. Vick, whose intentional wrongdoing was a contributing factor and substantial cause of his injuries.
 

 The trial court determined that “insults and intoxication alone fail to provide a legal escape from liability caused by a beating such as this.” Even if Barry Pan-key was provoked by Mr. Vick as he alleges, he clearly responded in a manner that was inappropriate and unnecessarily excessive under the circumstances. This determination is clearly supported by the record. The trial court was correct in finding that Barry and Terry Pankey were 100% at fault for the injuries suffered by Mr. Vick. Therefore, we find that this assignment of error is meritless.
 

 General Damages
 

 Pankey’s second assignment of error alleges that the trial court’s general damage award in the amount of $250,000.00 is excessive and an abuse of the trial court’s discretion. To support this assignment, Pankey merely notes that although Mr. Vick’s injuries are significant, they do not merit $250,000.00 in general damages.
 

 |7La. C.C. art. 2324.1 provides that in the assessment of damages, much discretion must be left to the judge or jury. To modify an award for general damages, an appellate court must find that the trial judge or jury has abused the “much discretion” accorded by the statute.
 
 Stegall v. State Farm Mutual Automobile Insurance Company,
 
 29,986 (La.App. 2d Cir.10/29/97), 702 So.2d 66. With respect to the award of general damages, each case must be weighed and evaluated according to its own particular facts and circumstances.
 
 Id.
 
 Resort to prior awards is appropriate only after determining whether an abuse of discretion occurred and then only for the purpose of determining the highest or lowest point which is
 
 *1204
 
 reasonably within the trial court’s discretion.
 
 Youn v. Maritime Overseas Corp.,
 
 623 So.2d 1257 (La.1993),
 
 cert.
 
 denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
 

 General damages involve mental or physical pain or suffering, inconvenience, loss of gratification or intellectual or physical enjoyment, or other losses of life or lifestyle that cannot be measured definitely in terms of money.
 
 Kose v. Cablevision of Shreveport,
 
 32,855 (La.App. 2d Cir.4/5/00), 755 So.2d 1039,
 
 writs denied,
 
 2000-1177, 2000-1289 (La.6/16/2000), 764 So.2d 964, 765 So.2d 340. There is no mechanical rule for determining general damages; the facts and circumstances of each case control.
 
 Id.
 
 The factors to be considered in assessing quantum for pain and suffering are severity and duration. There is no rule or standard of law fixing or establishing the amount of recovery and each case, consequently, |smust rest on its own set of facts.
 
 Stegall v. State Farm Mutual Automobile Insurance Company, supra.
 

 As mentioned above, Mr. Vick sustained severe injuries from the altercation. He testified that both of his orbitals were busted and that his nose was broken. He also stated that his palate was broken in half and separated from his skull. Six titanium plates and 27 screws had to be surgically installed in his face. He mentioned lasting effects from the altercation, including a scarred face, altered eating habits, and the hole in his nose. When his mouth was wired shut, his teeth weren’t put together straight, so he constantly breaks his teeth. Mr. Vick also testified that his smile was not the same. He testified he is now in constant pain from these injuries. The medical records corroborated Mr. Vick’s testimony.
 

 After carefully reviewing the medical records and the testimonies given, we do not believe that the trial court abused its discretion in awarding Mr. Vick $250,000.00 in general damages. The lasting effects resulting from this altercation, including the physical scars and pain Mr. Vick has sustained, are mox-e than adequate to support this award for general damages. Thus, this assignment of error is without merit.
 

 Additionally, La. C.C.P. arts. 1911-1922 require more specificity in final judgments than the trial court provided in this case. In its judgment, the trial court failed to specifically name the plaintiffs and defendants in this action. We amend the judgment to name Alan Vick and Amy Vick as the plaintiffs, and Barry Pankey and Terry Pankey as the defendants.
 

 ^CONCLUSION
 

 For the reasons set forth above, the judgment is affirmed as amended. All costs are assessed against the appellant, Barry Pankey.
 

 AFFIRMED, AS AMENDED.
 

 [1]
 

 . Defendant Terry Pankey did not join Defendant Barry Pankey in this appeal.
 

 [2]
 

 . The trial court found that Mr. Vick was not the physical aggressor in the altercation.